**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01765-REB

YAO-HUNG HUANG, and
BIG TIME AUTO PARTS MANUFACTURING, INC., a Taiwan Corporation,

      Plaintiffs,

v.

MARKLYN GROUP INC., d/b/a ALPENA, a Canadian corporation,

      Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

**STIPULATION**

IT IS HEREBY STIPULATED AND AGREED by and between plaintiffs Yao-Hung Huang ("Huang") and Big Time Auto Parts Manufacturing, Inc. (collectively, "Big Time") and defendant Marklyn Group, Inc., d/b/a Alpena ("Marklyn"), the parties to this action, through their respective attorneys, that this litigation arises in a competitive industry, that inappropriate disclosure of proprietary or trade secret information could cause substantial competitive harm or unfair competitive advantage, and that therefore good cause exists for entry of a protective order under Federal Rule of Civil Procedure 26(c) regarding confidentiality of trade secret or nonpublic confidential research, development, or commercial information that is produced or provided in the course of discovery.

The parties hereby agree, through their undersigned attorneys, that until such time as the Court approves and enters this Proposed Stipulated Protective Order ("Order"), they will be bound by and will abide by all terms set forth herein. The parties further agree, through their

~~undersigned attorneys, that discovery will proceed under the terms of this Order regardless of~~

~~whether the Court has entered the Order at the time the parties' discovery materials are due to be~~

~~produced.~~

**On the motion of the parties and good cause having been shown,**

**IT IS ORDERED:**

## PROTECTIVE ORDER

1.        Other than as set forth in this Order, all documents and information produced

during this lawsuit shall not be considered confidential and may be used by any party consistent

with such party's legal rights. The parties believe that certain documents and information likely

produced during this lawsuit may contain confidential information or trade secrets for which good

cause exists to limit their dissemination and, accordingly, the parties have agreed to the limitations

on disclosure set forth in this Protective Order.

2.        Either party may request that information or documents produced be designated as

"Confidential." Designation of Confidential information must be made by stamping, placing, or

affixing on the document in a manner which will not interfere with its legibility the word

"CONFIDENTIAL" and, if the party intends to so designate less than the entire document, then

the party shall mark the portion or information contained within the document which the party

claims to be Confidential. ~~The receiving party shall be provided the opportunity to investigate and~~

~~test the Confidential designation for 30 days after receipt, at which time the receiving party must~~

~~either reject in writing the Confidential designation (with the appropriate rationale for rejection)~~

~~or be deemed to agree with such designation. The receiving party may request that Confidential~~

~~designation be removed for a portion of the document. Prior to such agreement or, alternatively,~~

~~for 30 days after the rejection, the receiving party shall treat the document and information as~~

~~Confidential. Should the parties disagree as to any such designation, the party desiring the designation shall have the burden of moving the Court for an Order affirming the confidential nature of the document(s) and limiting disclosure of such document(s) as set forth in this Order.~~

**A party may object to the designation of particular information as Confidential by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.**

3.     The designating party may only designate material as Confidential when it (1) is not already in the possession of or available without confidentiality limitations to the receiving party, (2) has not been produced to any third party other than under similar confidentiality limitations, (3) is not known or reasonably discernable to the public at large through literature or publications, and (4) meets either of the following standards:

a.     The information is a trade secret, as defined as under the Uniform Trade

Secret Act, of the producing party, a nonparty under common control of a party to this lawsuit, or an entity having control over a party to this lawsuit; or

b.      The information contains proprietary information which, although not a trade secret, includes confidential research, development, or commercial information including sales, profits, and profit margins, which if disclosed to a third party would likely cause the producing party to either lose a significant competitive advantage or incur a significant competitive disadvantage.

4.      Except for documents produced for inspection at the party's facilities or which are produced as they are maintained in the ordinary course of business consistent with the Federal Rules of Civil Procedure, the designation of Confidential information must be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities or as they are maintained in the ordinary course of business, such documents may be produced for inspection before being marked Confidential. Once specific documents have been designated for copying, any documents containing Confidential information will then be designated and marked Confidential after copying with the appropriate section(s) of the documents identified but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of Confidential documents before they are copied and marked Confidential pursuant to this procedure.

5.      Any party, including any third party, may obtain Confidential treatment for any information disclosed in this litigation so long as such information meets the criteria required by this Order.

6.      In answering any interrogatory, request for admission, or part thereof, a party may designate its answer, consistent with the criteria required by this Order, as Confidential by affixing

thereto the legend "CONFIDENTIAL"

7.    If a producing party discovers after the production of a document that it has inadvertently failed to designate the document as Confidential  material, it may within thirty (30) days after production give written notice to the receiving party that the document is Confidential material, whereupon if the receiving party agrees that the document meets the criteria required by this Order, (i) the receiving party shall, to the extent possible, retrieve all copies of the inadvertently produced document from any person or persons in possession of such copies and return them to the producing party; (ii) the producing party will simultaneously provide copies of the same document with each page marked "CONFIDENTIAL;" and (iii) thereafter the parties shall treat such copies as Confidential material subject to this Order.

8.    Portions of depositions of a party's present and former officers, directors, employees, agents, and representatives may be deemed Confidential only if they meet the required criteria under this Order and they are designated as such during the deposition questioning. If a party discovers after the conclusion of a deposition that it has inadvertently failed to designate the deposition testimony as Confidential, it may request designating the testimony as Confidential by writing to counsel for the opposing parties within thirty (30) days after the conclusion of the deposition.

9.    Information and documents produced during this lawsuit, which meet the criteria to be Confidential and which are designated as Confidential under this Order, must not be used or disclosed by the receiving parties or counsel for the parties or any persons identified in Paragraph 10 for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals), or subsequent litigation between the parties.

10.    The parties and counsel for the parties shall not disclose or permit the disclosure

of any documents or information designated as Confidential under this Order to any third party or employee other than as follows:

        a.        Disclosure may be made to counsel and employees of counsel to assist in this lawsuit, and who in the reasonable opinion of counsel need to know such information. Any counsel and such employee must be advised of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

        b.        Disclosure may be made to John Phillips and Gabor Kiss of Marklyn and Yao-Hung Huang and Calvin Wang of Big Time. Other employees of a party or an affiliate of a party required in good faith to provide assistance in the conduct of this litigation who are identified as such in writing to counsel for the other parties at least five business days in advance of their review of the Confidential information so that the producing party may object in writing to such disclosure, may review Confidential material.

        c.        Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

        d.        Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in this lawsuit. Prior to disclosure to any consultant or expert, the individual must be informed of and agree to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

        e.        Disclosure may be made to deponents and their counsel during deposition preparation and depositions in the above captioned case.

f.      Disclosure may be made to the Court, its clerks and staff (including the court having jurisdiction of any appeal).

g.      Disclosure may be made to independent litigation support services, including document reproduction services, computer imaging services, and demonstrative exhibit services. Prior to disclosure to any such services, such services must agree to be bound by the provisions of this Order requiring that the documents and information be held in confidence.

11.     Except as provided in Paragraph 10, the parties and counsel for the parties must keep the portions of all documents agreed or ordered as Confidential which are received during discovery secure within their exclusive possession. Each person to whom information designated as Confidential is disclosed shall be informed of the terms of this Order and agree to be bound by it before disclosure to such person of any such information.

12.     All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as Confidential under this Order, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.  All such copies, shall be treated as Confidential under this Order without regard to the lack of a stamp or other indication of the word "CONFIDENTIAL" thereon.

13.     Information which meets all of the criteria under this Order to be CONFIDENTIAL and which (1) includes corporate strategy which would likely be detrimental upon showing to the employees of the other parties, (2) which provides pricing or cost data, sales, and/or profits of such party, or (3) involves currently pending competitive projects being pursued by a party which have not been subject to any disclosure beyond that party and which are maintained in secrecy, may be subjected to a higher level of confidentiality and may be designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" ("Attorneys' Eyes Only Material"), with the appropriate information

contained with the document so marked. Attorneys' Eyes Only Material shall be subject to all restrictions and conditions that apply to Confidential material, and in addition shall be disclosed only to counsel of record appearing in this action, and to the persons described in Paragraph 10.a., 10.c., 10.d., 10,e., 10.f, subject to the condition that prior to disclosure to any eligible person, such person must agree to be bound by the terms of this Order requiring that Attorneys' Eyes Only Material be held in confidence and not further disclosed, and specifically that Attorneys' Eyes Only Material not be disclosed to any employees or agents of the non-designating parties. Notwithstanding any confidentiality designations under this Order, it is understood that Huang and Phillips will have access to all information which bears on whether Marklyn is infringing the patents-in-suit by Marklyn's sale of the Accused Products at issue (i.e., the products referenced in the Complaint filed by Big Time in this matter and defined therein as "LEDLitz" and the products disclosed by Marklyn in its Fed.R.Civ.P. 26(a)(1) Initial Disclosures as "Alpena Products LED Strips") or otherwise, and what the scope and entitlement to any damages and/or injunction as a result thereof there may be, except that Huang and Phillips will not have access to customer-specific sales information that has been designated Attorneys' Eyes Only Material. When Attorneys' Eyes Only Material is used at deposition, only those to whom such material may be disclosed may remain in attendance.

14.      Attorneys' Eyes Only Material shall be affixed with the words "CONFIDENTIAL - ATTORNEYS' EYES ONLY." The process for acceptance or rejection by the receiving party and, upon rejection, for the producing party to seek an Order, shall be the same as set forth in paragraph 2 of this Order except that there shall be no time-based waiver of any objection to such a designation during the pendency of this case.

15.      **Any request to restrict access to materials filed with the court must comply with**

**the requirements of D.C.COLO.LCivR 7.2.** ~~To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other documents or papers to be filed with the Court include information which has been designated Confidential or Attorneys' Eyes Only Material, the party desiring to file such materials must submit those materials as restricted documents pursuant to the provisions of D.COLO.LCivR 7.2(D). The papers or any portion or attachment thereof that are to be filed as restricted documents shall be filed pursuant to the procedures for sealed electronic filings under the Court's ECF/CM procedures. To the extent any sealed material is filed in a non-electronic form, the filing party shall submit the material to the Clerk of Court in an envelope marked "SEALED" with a reference to this Order on the envelope. As required by D.COLO.LCivR 7.2(B) & (D), the party that originally designated such material pursuant to this Order as Confidential or Attorneys' Eyes Only Material shall, within fourteen (14) days of the filing of restricted documents, file an appropriate motion to restrict access (including therein a statement that the documents have been marked Confidential or Attorneys' Eyes Only Material), and a proposed order for the Court to restrict public access to the documents.~~

16.     This Protective Order shall be applicable to all information which the providing party has designated or requested to be Confidential hereunder and produced by any party or nonparty pursuant to interrogatories, deposition, requests for production of documents, requests for admissions, subpoenas, or other written discovery requests (whether formal or informal) in connection with the above captioned case.

17.     This Protective Order does not apply to the use of any Confidential or Attorneys' Eyes Only Material at trial or in any hearing otherwise conducted in open court. ~~Any designation of materials as Attorneys' Eyes Only Material will automatically be discontinued and become ineffective following the Trial Preparation Conference or deadline to designate trial exhibits,~~

~~whichever date is sooner, with respect to any material designated by the parties as a trial exhibit, and~~

~~with respect to any materials used, presented, or referenced during trial of this matter. To the extent~~

~~that a party wishes to close the court for consideration of Confidential or Attorneys' Eyes Only~~

~~Material during the trial of this action or in a hearing before the Court, the party must follow the~~

~~procedures for such a closure request under D.COLO.LCivR 7.2. The fact that certain information~~

~~has previously been marked Confidential or Attorneys' Eyes Only Material shall not be controlling~~

~~with respect to whether the courtroom will be closed for a hearing or at trial. To the extent a party~~

~~who has received material that has been designated Confidential or Attorneys' Eyes Only Material~~

~~intends to use such material at trial or in a hearing that would otherwise be open to the public, the~~

~~receiving party shall so notify the party who designated the material as Confidential or Attorneys'~~

~~Eyes Only Material so that the producing party may determine whether it wishes to move to close~~

~~the court under D.COLO.LCivR 7.2.~~

18.     Compliance with the terms of this Protective Order shall not be deemed an admission that any documents are admissible in evidence and shall not constitute a waiver of objections concerning further use of the documents.  Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not (a) operate as an admission by any party that any document or material designated by any other party as Confidential or Attorneys' Eyes Only Material contains or reflects proprietary or other confidential matter, or (b) prejudice in any way the right of any party (i) to seek determination by the Court as to whether any particular document or material should be deemed to be Confidential, or Attorneys' Eyes Only Material or (ii) to seek relief from any provision of this Protective Order, either generally or with respect to any particular documents.

19.     If another court or administrative agency subpoenas or orders production of any Confidential or Attorneys' Eyes Only Material that a party has obtained under the terms of this

Order, such party shall promptly notify the party who produced the materials of the pendency of such subpoena or order, and shall allow the party who produced the materials a reasonable period of time to oppose or quash the subpoena or order before providing the materials to the person or entity seeking them. Compliance with any subpoena or order shall not be deemed a violation of this Order absent the entry, in advance of the response date for the subpoena or order, of a protective order barring disclosure of the information, and communication of such an order to counsel for the person or entity under subpoena or order.

20.     Within thirty (30) days of the conclusion of the above captioned case, including any and all appeals, all material not received in evidence or used during motion practice, and which are Confidential or Attorneys' Eyes Only Material under this Order, must be returned to the originating party, or certified to have been destroyed or redacted from the portion of such documents which are not Confidential. This Order shall continue to be binding after the conclusion of this litigation.

21.     A designation of Confidential or Attorneys' Eyes Only Material may be challenged as set forth above. The party claiming the designation bears the burden of showing that the designation is appropriate. There can be no violation of this Order because of disclosure of information which was in fact not Confidential or did not in fact meet the Attorneys Eyes Only Material requirements regardless of any such designation by a party. ~~A party moving to modify this Order to provide for greater restrictions on disclosure must show that such a modification is necessary to protect the movant's trade secret or proprietary interests.~~

22.     The parties agree that any unintentional breach of this Order shall not subject the breaching party or their counsel to sanctions or damages, so long as the party and its counsel can show to the Court its good faith attempt to comply with the terms of this Order and that the breach was unintentional.

Dated February 9, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

13

STIPULATED AND AGREED BY:

Dated this 7th day of February, 2012.

By: LAW OFFICE OF JAMES A
JABLONSKI
s/ James A Jablonski

James A. Jablonski
Telephone: (303) 333-7733
Facsimile: (303) 355-6036
Attorney for Defendant Marklyn Group Inc.

Dated this 7th day of February, 2012.

By: LATHROP & GAGE

s/ Alexander Clayden

Aaron Bradford
Alexander C Clayden
Tel 303-931-3200
Fax 303-931-3201
Attorneys for Plaintiffs
Huang and Big Time