**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-01765-REB-BNB

YAO-HUNG HUANG, and
BIG TIME AUTO PARTS MANUFACTURING, INC., a Taiwan corporation,

    Plaintiffs,

v.

MARKLYN GROUP INC., d/b/a ALPENA, a Canadian corporation,

    Defendant.

## ORDER CONSTRUING DISPUTED PATENT CLAIMS

**Blackburn, J.**

This matter is before me for construction of the claims of the patent-in-suit. On October 9, 2012, I heard oral arguments on the matters implicated by the parties **Joint Claim Construction Statement** [#14],[1] filed January 9, 2012. I have considered also the authorities cited and arguments advanced by the parties in their corresponding briefs in support of their respective claim constructions. (*See* **Plaintiffs' Opening Claim Construction Brief** [#25], filed February 27, 2012; **Marklyn's Response to Plaintiffs' Opening *Markman* Brief and Proposed Claim Constructions** [#26], filed March 16, 2012; **Plaintiffs' Reply in Support of Opening Claim Construction Brief** [#27], filed April 2, 2012.) I now construe the patent-in-suit.

---

[1] "[#14]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

## I. JURISDICTION

I have jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 (federal question), 1332 (diversity of citizenship), and 1338(a) (cases arising under Acts of Congress relating to patents).

## II. STANDARD OF REVIEW

Claim construction is a matter of law for the court. **Markman v. Westview Instruments, Inc.**, 517 U.S. 370, 384-91, 116 S.Ct. 1384, 1393-96,134 L.Ed.2d 577 (1996). "The construction of claims is simply a way of elaborating the normally terse claim language in order to understand and explain, but not to change, the scope of the claims." **Embrex, Inc. v. Service Engineering Corp.**, 216 F.3d 1343, 1347 (Fed. Cir. 2000) (citation and internal quotation marks omitted).

This lawsuit involves claims for infringement arising from a design patent. A design patent may be obtained for "any new, original and ornamental design for an article of manufacture." **Durling v. Spectrum Furniture Co.**, 101 F.3d 100, 103 (Fed. Cir. 1996) (quoting 35 U.S.C. § 171). A design patent thus only protects the novel, ornamental features of the patented design. **OddzOn Products, Inc. v. Just Toys, Inc.**, 122 F.3d 1396, 1405 (Fed. Cir. 1997). "Whether a design patent is infringed is determined by first construing the claim to the design, when appropriate, and then comparing it to the design of the accused device." **Id.** at 1404. The test for infringement of a design patent looks to the overall appearance of the patented and accused designs to determine whether, "in the eye of an ordinary observer, giving such attention as a purchaser usually gives, [the] two designs are substantially the same[.]"

***Gorham Co. v. White***, 81 U.S. (14 Wall.) 511, 528, 20 L.Ed. 731 (1871).

Before infringement can be assessed, however, the court first must construe the claims.  **See *OddzOn Products***, 122 F.3d at 1405.  "A design patent's claim is limited to what is shown in the application drawings.  The figures in [a] design patent not only comprise the bulk of the disclosure, but also set forth the limits of the claim."  ***Shop\*TV, Inc. v. Bed Bath & Beyond, Inc.***, 2009 WL 1965494 at * 3 (D. Colo. July 8, 2009), (citations and internal quotation marks omitted).  In construing a design patent, the court is "not required . . . [to] attempt to provide a detailed verbal description of the claimed design, as is typically done in the case of utility patents:"

> As the Supreme Court has recognized, a design is better represented by an illustration "than it could be by any description and a description would probably not be intelligible without the illustration."  ***Dobson v. Dornan***, 118 U.S. 10, 14, 6 S.Ct. 946, 30 L.Ed. 63 (1886).  The Patent and Trademark Office has made the same observation. **Manual of Patent Examining Procedure** § 1503.01 (8th ed. 2006) ("[A]s a rule the illustration in the drawing views is its own best description.").  Given the recognized difficulties entailed in trying to describe a design in words, the preferable course ordinarily will be for a district court not to attempt to "construe" a design patent claim by providing a detailed verbal description of the claimed design.

***Egyptian Goddess, Inc. v. Swisa, Inc.***, 543 F.3d 665, 679 (Fed. Cir. 2008) (en banc), ***cert. denied***, 129 S.Ct. 1917 (2009).  Nevertheless, the court has discretion to provide additional detail if it finds that verbal elaboration of the claims would be helpful.  ***Id.***

### III.  ANALYSIS

Plaintiff Big Time Auto Parts Manufacturing, Inc. ("Big Time"), manufactures light fixtures for many leading automotive aftermarket distributors for retail sale.  Plaintiff

Yao-Hung Huang is the owner of Big Time and primarily responsible for the design of the company's various products.  On April 27, 2010, Mr Huang was issued United States Design Patent No. 614,780 (the "'780 patent") for a "flexible attachment strip" on which are affixed multiple light emitting diodes ("LEDs").  The figures of the patent show the strip from various angles and as applied to the front grill and side mirrors of an automobile.

Having considered the arguments and authorities presented by the parties in their briefs and at oral argument, I find and conclude that a detailed verbal description of the '780 patent is neither necessary nor helpful.  The '780 patent is for a relatively simple design, the features of which are readily apparent from the illustrations and do not require elaboration.  Instead, the patent is best construed simply as claimed:

> The ornamental design for a flexible attachment strip having a plurality of forward facing LEDs, as shown and described.

"This construction will represent to the jury the overall visual impression of the claimed design; it notes the general nature of the design while specifically directing the jurors to observe all [nine] figures contained in the patent."  *Shop\*TV*, 2009 WL 1965494 at \*3 (citation and internal quotation marks omitted).

A more detailed construction, such as that proposed by defendant, is unnecessary.[2]  There is no evidence to support the mathematical ratios defendant's

---

[2]  Specifically, defendant proposes the following construction:

> The ornamental features of the 780 Patent Design are shown by its overall appearance, but include the following:  (1) a plurality of forward facing rectangular LED lights three times thicker than the strip with only one transparent side facing an edge of the strip as pictured positioned near but not on the edge of a flexible attachment strip; (2) relative equidistant positioning of the rectangular LEDs spaced apart four times

proposed construction would impose, and to sanction such a construction clearly risks "placing undue emphasis on particular features of the design and . . . focus[ing the finder of fact] on each individual described feature in the verbal description rather than on the design as a whole. " ***Egyptian Goddess***, 543 F.3d at 680.  Even the considerable bounds of my discretion to provide additional verbal description do not stretch far enough to encompass defendant's proposed construction.

Nor is defendant's proposed construction required to distinguish the '780 patent from the prior art or to limit its reach to only the non-functional aspects of the design. Neither of these fact-intensive issues is appropriate for determination at this early stage of the litigation, when discovery has not even commenced.  ***See Uniloc USA, Inc. v. Microsoft Corp.***, 632 F.3d 1292, 1323 (Fed. Cir. 2011) ("What the prior art shows is a question of fact."); ***PHG Technologies, LLC v. St. John Companies, Inc.***, 469 F.3d 1361, 1365 (Fed. Cir. 2006) ("Whether a patented design is functional or ornamental is a question of fact.").  Indeed, counsel for defendant acknowledged at the hearing that the court was not required to make these determinations at the claims construction stage, and I expressly conclude that it would be unwise to do so on the current state of the record.  ***See 180s, Inc. v. Gordini U.S.A., Inc.***, 699 F.Supp.2d 714, 728-30 & nn. 16, 17 & 20 (D. Md. 2010).  ***See also Five Star Manufacturing, Inc. v. Ramp Lite Manufacturing, Inc***., 44 F.Supp.2d 1149, 1156 (D. Kan. 1999) ("The current construction may be further limited at trial by factual determinations regarding the

---

greater than the space occupied by the LED's and mounted atop the strip; (3) a flexible flat and thin attachment strip of indeterminate length that is three times wider than the rectangular LED's and twelve times wider than it is thick.

ornamentality of the included features.")

## IV.  ORDERS

**THEREFORE IT IS ORDERED** that the '780 patent is **CONSTRUED** as follows:

> The ornamental design for a flexible attachment strip having a plurality of forward facing LEDs, as shown and described.

Dated October 11, 2012, at Denver, Colorado.

**BY THE COURT:**

_/s/ Bob Blackburn_
Robert E. Blackburn
United States District Judge