IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Civil Case No. 11-cv-01765-REB-BNB

YAO-HUNG HUANG, and
BIG TIME AUTO PARTS MANUFACTURING, INC., a Taiwan corporation,

      Plaintiffs,

v.

MARKLYN GROUP INC., d/b/a ALPENA, a Canadian corporation,

      Defendant.

---

## ORDER

---

**Blackburn, J.**

      The matter before me is **Defendant Marklyn Group, Inc.'s Motion To Clarify Order Re 702 Experts** [#106],[1] filed July 23, 2014.[2]  Although purportedly seeking clarification of my **Order Re: Rule 702 Motions** [#103], filed July 18, 2014, defendant essentially seeks reconsideration of that order.  Thus construed, I grant the motion in part and deny it in part.

      The bases for granting a motion to reconsider are exceptionally limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.  Thus, a motion for

---

[1]  "[#106]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

[2]  Given the time constraints inherent to this matter, which is set to commence trial next Monday, I exercise my discretion pursuant to D.C.COLO.LCivR 7.1(d) to rule on the matter without awaiting the benefit of a response.

> reconsideration is appropriate where the court has
> misapprehended the facts, a party's position, or the
> controlling law.  It is not appropriate to revisit issues already
> addressed or advance arguments that could have been
> raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations

omitted).  Defendant raises three arguments in its motion: (1) that the court erroneously

stated that defendant does not assert a defense of anticipation;[3] (2) that the court

misconstrued defendant's arguments regarding the functionality of the two allegedly key

elements of the patented design; and (3) that Mr. Railsback should be allowed to testify

as to the testing he performed despite the court's ruling.  I consider these arguments in

turn.

Regarding anticipation, it appears clear to this court that defendant has raised

and preserved this affirmative defense in its answer and, more importantly at this stage

of the proceedings, in the **Final Pretrial Order** ([#100], filed July 11, 2014).  Plaintiff's

allegations in the Final Pretrial Order clearly address such a defense, and the parties

have submitted stipulated instructions regarding anticipation.  Thus, it does appear that

the court misconstrued defendant's position regarding whether it continues to assert the

affirmative defense of anticipation.  To that extent, the motion is granted, and the court

affirms that defendant is entitled to present an affirmative defense of anticipation at trial.

Regarding the affirmative defense of functionality, however, the court reaches a

different conclusion.  This affirmative defense requires that defendant prove by clear

---

[3] Defendant also points out that it has raised the affirmative defense of inequitable conduct.  That issue was not addressed in the 702 motions and thus forms no part of the court's order ruling on those motions.

and convincing evidence that the patented design as a whole is functional. ***Hupp v. Siroflex of America, Inc.***, 122 F.3d 1456, 1460 (Fed. Cir. 1997). Plaintiffs plainly raised this issue in their 702 motion, claiming that Mr. Railsback's report did not support such a defense. (***See*** **Motion To Exclude Expert Opinion Testimony Under Fed. R. Evid. 702** § II.C.1 at 14-16 [#87], filed June 2, 2014.) In response, defendant clearly stated that it was asserting that the two allegedly key features of the patented design – the forward-facing orientation and side-emitting illumination of the LED attached to the flexible strip – are functional and therefore should not be considered as part of the claimed ornamental design. (***See*** **Defendant Marklyn Group, Inc.'s Response to Motion To Exclude Opinion Testimony** § IV at 8-10 [#88], filed June 24, 2014.) Indeed, defendant argued that Mr. Railsback's report

> says only that the two features addressed, side emitting and forward facing lens, are necessary features for the intended functions of the product. It does not state that the '780 Patent is invalid or that any particular aspect of the forward facing or edge mounting as shown in the '780 Figs. cannot be a design.
>
> . . . .
>
> . . . . Marklyn and its experts fully understand that a functional feature . . . can also have a unique design or at least contribute to a unique design. Their investigation and the results are useful in considering and resolving the issue whether two features of the claimed design are functional.

(***Id.*** at 9-10.) The court relied on defendant's representations about the import of Mr. Railsback's report in ruling on the expert motions.

Under the guise of seeking clarification, defendant now switches tactics, arguing that these two allegedly functional features *are* the entire design and thus that a

defense of functionality should be permitted to be presented to the jury.  I find nothing in any prior representation to this court, either in writing or orally during oral arguments on the Rule 702 motions, that would in any way suggest to this court or opposing counsel that such was the nature and import of defendant's arguments, such that the court simply has misunderstood defendant's position.  Especially at this late juncture, it would be unfair and unduly prejudicial to both plaintiffs and this court to allow defendant to continue to move the target to attempt to surmount or circumvent the court's rulings.

Moreover, I noted in my order on the expert motions defendant's assertion that it continued to assert a defense of functionality.  Nevertheless, I stated that such a defense was not preserved in the Final Pretrial Order.  (*See* **Order Re: Rule 702 Motions** at 11 n.10 [#103], filed July 18, 2014.)  Defendant has not addressed this aspect of the court's ruling at all.  As stated in my order, I perceived nothing in the Final Pretrial Order to support the assertion of a functionality defense going beyond these two features.  (*Id.*)  Having again scoured the Final Pretrial Order, it is clear that defendant has focused on the two allegedly key features but has never asserted that they constitute the entirety of the design or otherwise that the design as a whole is functional.  Accordingly, this aspect of the instant motion will be denied.

Finally, defendant asks that Mr. Railsback still be permitted testify regarding the illumination and visibility testing he performed on defendant's accused product because Rule 702 allows an expert to testify in the form of an opinion "or otherwise."  However, defendant's argument fails to consider the remainder of Rule 702, which requires, *inter alia*, that the expert's knowledge "will help the trier of fact to understand the evidence or

to determine a fact in issue." **FED. R. EVID.** 702(a).  As clearly set forth in my order

ruling on the Rule 702 motions, the results of Mr. Railsback's testing are not relevant to

any fact in issue in this case.  Because the patent-in-suit disclaims light emission as part

of the patented design, testimony regarding the illuminance or visibility afforded by the

particular configuration of the LEDs would not be helpful to the jury.  For this reason, I

continue to adhere to my conclusion that this testimony is inadmissible.

     **THEREFORE, IT IS ORDERED** that **Defendant Marklyn Group, Inc.'s Motion**

**To Clarify Order Re 702 Experts** [#106], filed July 23, 2014, is **GRANTED IN PART**

and **DENIED IN PART** as follows:

     1.  That the motion is **GRANTED** insofar as it seeks assurance that defendant

may present the affirmative defense of anticipation at trial; and

     2.  That in all other respects, the motion is **DENIED**.

     Dated July 29, 2014, at Denver, Colorado.

                **BY THE COURT:**

                Robert E. Blackburn
                United States District Judge