**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 11-cv-01765-REB

YAO-HUNG HUANG, and
BIG TIME AUTO PARTS MANUFACTURING, INC., a Taiwan corporation,

    Plaintiffs,

v.

MARKLYN GROUP, INC., d/b/a ALPENA, a Canadian corporation,

    Defendant.

## ORDER DENYING PLAINTIFF'S RENEWED MOTION
## FOR JUDGMENT AS A MATTER OF LAW OR MOTION FOR A NEW TRIAL

**Blackburn, J.**

The matter before me is **Plaintiff's Renewed Motion for Judgment as a Matter of Law or Motion for a New Trial** [#128],[1] filed September 15, 2014. Following a six-day trial, a jury returned a verdict in favor of defendants on plaintiffs' claim of infringement as well as on defendant's affirmative defense of invalidity by anticipation. By this motion, plaintiffs renew their post-trial motion for judgment as a matter of law as to the defense of invalidity due to anticipation and move for a new trial on the basis of an allegedly improper jury instruction on plaintiffs' claim of infringement. I deny the motion.

---

[1] "[#128]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

## I. MOTION FOR NEW TRIAL

The standards governing a motion for new trial are rigorous, and a new trial is only warranted where, "having given full respect to the jury's findings and viewing the entire evidence, the trial judge is left with the definite and firm conviction that a mistake has been committed." ***Hughes v. Regents of University of Colorado***, 967 F.Supp. 431, 437 (D. Colo. 1996) (internal citation omitted). "Generally, courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or substantial justice has not been done." ***Id***. ***See also McHargue v. Stokes Div. of Pennwalt Corp***., 912 F.2d 394, 396 (10th Cir. 1990) ("In ruling on a motion for a new trial, the trial judge has broad discretion. . . . He may do so when he believes the verdict to be against the weight of the evidence or when prejudicial error has entered the record."). When the motion is premised on allegedly improper jury instructions, the instructions must be viewed in their entirety, not as single instructions or parts of instructions. ***Hampton v. Dillard Dept. Stores, Inc.***, 247 F.3d 1091, 1112 (10th Cir. 2001), ***cert. denied***, 122 S.Ct. 1071 (2002).

Plaintiff objects that Jury Instruction No. 11 was erroneous insofar as it included the following final paragraph:

> Any purely functional feature should not be considered in determining infringement. You may consider only the ornamental feature of the claimed design.

Plaintiffs maintain that the issues of functionality and ornamentality of the claimed design were matters of patent scope and thus should have been determined by the court as part of claim construction and then any purely functional features expressly

described for the jury within the context of the instruction.

There are at least two problems with this argument. First, it is not at all clear to this court that these issues must be determined exclusively as a matter of claim construction. As another district court has noted in parsing the Federal Circuit's opinion in ***Egyptian Goddess, Inc. v. Swisa, Inc.***, 543 F.3d 665 (Fed. Cir. 2008), **cert. denied**, 129 S.Ct. 1917 (2009):

> It is not entirely apparent . . . whether the Federal Circuit advocates resolving prosecution history and functionality issues through formal **Markman** claim construction, jury instructions, or some other means. On the one hand, the court refers to "guid[ing] the finder of fact" in a manner "[a]part from attempting to provide a verbal description of the design," which suggests jury instructions may be the best avenue. On the other hand, the court's parenthetical quotation from ***OddzOn*** [***Products, Inc. v. Just Toys, Inc.***, 122 F.3d 1396 (Fed. Cir. 1997)] suggests that these issues, or at least the question of functionality, may properly be addressed during claim construction. One thing that does seem clear from ***Egyptian Goddess*** is that district courts have considerable discretion for resolving this type of question.

***Depaoli v. Daisy Mfg. Co., Inc.***, 2009 WL 2145721 at *3 (D. Mass. July 14, 2009) (internal citation omitted).

Second, and even if claim construction were the proper mechanism for the resolution of these issues, plaintiffs did not raise this issue at a time or in a manner which gave the court adequate time to resolve the matter prior to trial. In proffering their original proposed claim constructions, both parties indicated elements that they believed comprised the ornamental aspects of the design. Noting that discovery had not yet commenced at that juncture, I declined to construe the claims at that level of specificity,

3

finding that it "would be unwise . . . on the current state of the record" to attempt a more detailed construction.  (*See* **Order Construing Disputed Patent Claims** at 5 [#42], filed October 11, 2012.)  Nevertheless, I expressly noted that further claim construction could be undertaken if necessary at some later point in the proceedings.  (*See id.* at 5-6.)

However, even after discovery was completed, neither party moved for further construction.  In particular, plaintiffs did not suggest that further construction was required to distill the functional from the ornamental aspects of the patented design until they filed their jury instruction brief, which was submitted barely three weeks before trial was set to commence.  (*See* **Plaintiffs' Jury Instruction Brief** at 11 [#98], filed July 11, 2014.)  Even then, plaintiffs neither moved to have such further construction undertaken nor otherwise proffered any concrete, practical proposal that would have allowed the court to make such a determination, either in the limited time remaining prior to trial or even in the exceedingly brief period of time between the close of the evidence and the submission of the case to the jury.

Given these facts, it appears to this court that plaintiffs have forfeited this argument.  "[F]orfeiture is the failure to make the timely assertion of a right[.]"  ***United States v. Olano***, 507 U.S. 725, 733, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993).  ***See also United States v. Rezendes***, – Fed. Appx –, 2015 WL 1475306 at *3 (10th Cir. Apr. 2, 2015).  Unlike waiver, which "is the intentional relinquishment or abandonment of a known right," ***Olano***, 114 S.Ct. at 1777, "forfeiture is attributable to neglect," ***United States v. Carrasco–Salazar***, 494 F.3d 1270, 1272 (10th Cir. 2007).  As such, a forfeited

4

error is reviewable for plain error.  **United States v. Morrison**, 771 F.3d 687, 695 (10th Cir. 2014).  To meet the plain error standard, plaintiffs must establish not only fact of error that is plain but also that such error affected plaintiffs' substantial rights.  **United States v. Cordery**, 656 F.3d 1103, 1105 (10th Cir. 2011).  Even if these factors are satisfied, the court must exercise its discretion to correct the error only "if it seriously affects the fairness, integrity, or public reputation of judicial proceedings."  **Id.**

Although plaintiffs have failed to address these standards in their motion, the court is willing to assume *arguendo* that the failure to more specifically instruct the jury as to which elements of the design were functional and which were ornamental may well have constituted plain error which affected plaintiffs' substantial rights.  Nevertheless, the fourth prong of the plain error standard would not be satisfied in this case in any event:

> The fourth prong of the plain error test is discretionary.  If [plaintiffs] can show an error is plain and affects substantial rights, a court must exercise considered judgment in deciding whether the error must be corrected.  A court should do so where it seriously affected the fairness, integrity, or public reputation of the judicial proceedings.  Although a showing (or presumption) of prejudice is necessary to meet this prong, it is not sufficient because not every prejudicial error threatens the fairness and integrity of the proceedings.  Rather, the fourth prong is an independent inquiry, more appropriately compared with a miscarriage of justice standard under which a claimed error should not be corrected, unless allowing it to stand would be particularly egregious.

**United States v. Turrietta**, 696 F.3d 972, 984 (10th Cir. 2012) (citations and internal quotation marks omitted).  "[This] standard is formidable[.]"  **Cordery**, 656 F.3d at 1108 (citation and internal quotation marks omitted).  It is not met here because, even if the

jury's finding of non-infringement was based on erroneous instructions, its finding of anticipation – which is the subject of plaintiffs' alternate motion for judgment as a matter of law – was sufficient to support the verdict in defendant's favor.

## II.  MOTION FOR JUDGMENT AS A MATTER OF LAW

A renewed motion for judgment as a matter of law post-verdict is determined under the same standards that govern resolution of a post-evidentiary motion for judgment as a matter of law under Fed. R. Civ. P. 50(a).  The "standard for granting summary judgment mirrors the standard for judgment as a matter law, such that 'the inquiry under each is the same.'"  **Reeves v. Sanderson Plumbing Products, Inc.**, 530 U.S. 133, 150, 120 S.Ct. 1097, 2110, 147 L.Ed.2d 105 (2000) (quoting **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 250-51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)).  A party seeking relief under Rule 50(b) is entitled to judgment as a matter of law if the evidence so overwhelmingly supports one position that no reasonable inferences may be drawn from the evidence to sustain the position of the nonmovant.  **Tyler v. RE/MAX Mountain States, Inc.**, 232 F.3d 808, 812 (10th Cir. 2000). "[A]lthough the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe."  **Reeves**, 120 S.Ct. at 2110.  "[I]n reviewing the record, [the court] will not weigh evidence, judge witness credibility, or challenge the factual conclusions of the jury."  **Hampton**, 247 F.3d at 1099 (internal quotation marks omitted).

> Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe.  That is, the court should give credence to the evidence favoring the

> nonmovant as well as that "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that the evidence comes from disinterested witnesses."

**Reeves**, 120 S.Ct. at 2110 (quoting 9A C. Wright & A. Miller, **Federal Practice and Procedure** § 2529 at 300 (2nd ed. 1995)).  Thus, judgment as a matter of law must be denied if there is any legally sufficient evidentiary basis for a claim.  **Hampton**, 247 F.3d at 1099.

Given these stringent standards, motions under this rule "should be cautiously and sparingly granted."  **Lucas v. Dover Corp.**, 857 F.2d 1397, 1400 (10th Cir. 1988) (citations omitted).  This case presents no such exceptional circumstances.  Having considered all the relevant evidence, both direct and circumstantial, and having applied the foregoing principles and standards of analysis to the existing evidentiary record, I conclude that plaintiffs are not entitled to judgment as a matter of law.  None of the evidence is incredible as a matter of law, and there was a legally sufficient evidentiary basis for a reasonable jury to find in favor of defendant on each essential element of its affirmative defense of invalidity due to anticipation.

For these reasons, I find and conclude that plaintiffs' motion for judgment as a matter of law must be denied.

**THEREFORE, IT IS ORDERED** that **Plaintiff's Renewed Motion for Judgment as a Matter of Law or Motion for a New Trial** [#128], filed September 15, 2014, is denied.

Dated April 8, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

7